UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MATTHEW TRAVIS HOUSTON,<br><br>　　　　　　　　Plaintiff,<br>　v.<br>STATE OF NEVADA, et al.,<br>　　　　　　　　Defendants. | Case No. 3:25-cv-00053-ART-CSD<br><br>THREE STRIKES ORDER |

**I.　DISCUSSION**

Plaintiff Matthew Travis Houston, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), is subject to a vexatious pre-filing order issued by U.S. District Judge Jennifer Dorsey. *See Houston v. Encore Event Technologies, et al.*, 2:22-cv-01740-JAD-EJY, ECF No. 30. Under that order, before Houston can file a new action in this Court using any pages he has already filed in another case, he must satisfy three conditions:

> • Apply to the Chief Judge of this district for leave to file the document by submitting to the clerk's office an application bearing the title "Application to Chief District Judge Seeking Leave to File."
> • That application must be supported by a declaration from Houston, made under penalty of perjury, stating that: (1) the matters asserted in the new complaint or petition are different from those asserted in the actions he has previously filed in this district; (2) the new claim or claims are not frivolous or made in bad faith; (3) he has conducted a reasonable investigation of the facts and such investigation supports the claim or claims.
> • Houston must attach a copy of [Judge Dorsey's] order to any such application.

*Id.* at 8.

Chief U.S. District Judge Andrew Gordon found that Houston met the pre-filing requirements in this case and permitted the Clerk of the Court to file this new action. (ECF No. 3).

Houston has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1-1), an application to proceed *in forma pauperis* (ECF No. 6),

1

1   and a motion for injunctive relief (ECF No. 9). However, on at least 3 prior
2   occasions, two different federal district courts and the Ninth Circuit have
3   dismissed civil actions and appeals commenced by Houston while in detention as
4   frivolous or for failure to state a claim upon which any relief may be granted. *See*
5   *Houston v. Encore Event Technologies*, 4:22-cv-00380-RGE-SBJ (dismissed by
6   Southern District of Iowa, Central Division, for failure to state a claim on
7   December 1, 2022); *Houston v. Encore Event Technologies*, 2:22-cv-01740-JAD-
8   EJY (dismissed by District of Nevada for failure to state a claim on April 13, 2023);
9   *Houston v. Lombardo*, 2:22-cv-01685-JCM-DJA (appeal dismissed by Ninth
10  Circuit as frivolous on September 27, 2023); and *Houston v. Howell*, 2:19-cv-
11  01371-JAD-DJA (appeal dismissed by Ninth Circuit as frivolous on February 23,
12  2023).

13  Pursuant to 28 U.S.C. § 1915(g), "if [a] prisoner has, on 3 or more prior
14  occasions, while incarcerated or detained in any facility, brought an action or
15  appeal in a court of the United States that was dismissed on the grounds that it
16  is frivolous, malicious, or fails to state a claim upon which relief may be granted,"
17  he may not proceed *in forma pauperis* and, instead, must pay the full $405.00
18  filing fee in advance unless he is "under imminent danger of serious physical
19  injury." 28 U.S.C. § 1915(g).

20  Houston submitted his complaint to the Court on January 16, 2025. (ECF
21  No. 1-1). Houston alleges the following took place at High Desert State Prison
22  ("HDSP"). (*Id.* at 1). Houston has concerns about the death of Jake, another
23  inmate, which took place on June 14, 2024. (*Id.* at 2, 5). Correctional officer
24  McClendon tried to "murder" Houston in June 2022, and McClendon is
25  responsible for several inmates' deaths but not Jake's death because McClendon
26  has not been in the unit. (*Id.* at 3). McClendon tried to "murder" Houston during
27  "misclassification" on February 8, 2024. (*Id.* at 4). However, the NDOC has since
28  removed McClendon. (*Id.*) In April 2024, Houston and other inmate were attacked

1 in the shower. (*Id.* at 5).

2 In claim 1, Houston alleges an Eighth Amendment excessive force claim spanning from July 14, 2021, through March 18, 2024. (*Id.* at 3). In claim 2, Houston alleges a Fourth Amendment violation with respect to warrants and threat to safety spanning from July 15, 1984, through April 1, 2024. (*Id.* at 4). In claim 3, Houston alleges First Amendment violations related to his disciplinary proceedings spanning from September 20, 2016, through December 23, 2021. (*Id.* at 5).

The Court finds that these allegations fail to plausibly allege that Houston is in imminent danger of serious physical injury at the time of filing. *See Andrews v. Cervantes*, 493 F.3d 1047, 1055-56 (9th Cir. 2007) (holding that the exception to § 1915(g) applies if the complaint makes a plausible allegation that the prisoner faced an ongoing danger of serious physical injury at the time of filing). First, Houston initiated this lawsuit while he was at Ely State Prison, but the alleged violations took place at HDSP. Thus, to the extent that he is complaining about specific HDSP correctional officers and imminent danger, he is no longer at HDSP. Second, according to Houston, the correctional officer that he does have an issue with, McClendon, is no longer employed by the NDOC. Third, based on Houston's allegations, the events he takes issue with occurred long before the filing of this complaint in January 2025. As such, Houston does not demonstrate that he faces an ongoing danger of serious physical injury at the time of filing his complaint. Because Houston has not demonstrated that he is under imminent danger of serious physical injury, he may not proceed *in forma pauperis* and, instead, must pay the full $405 filing fee in advance.

The Court also denies Houston's motion for injunctive relief (ECF No. 9) because it is not related to this § 1983 case. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) (holding "[a] court's equitable power lies only over the merits of the case or controversy before it. When

a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction"). In the motion, Houston objects to an order by U.S. Magistrate Judge Elayna Youchah, who is not a judge in this case, and claims actual innocence to the crimes he was convicted of.

## II. CONCLUSION

It is therefore ordered that the application to proceed *in forma pauperis* (ECF No. 6) is denied.

It is further ordered that this action will be dismissed without prejudice unless Houston pays the $405 filing fee in full within 30 days of entry of this order.

The Clerk of the Court will: (1) send Houston two copies of this order, and (2) retain the complaint (ECF No. 1-1) but will not file it at this time.

It is further ordered that Houston will make the necessary arrangements to have one copy of this order attached to the check paying the filing fee.

It is further ordered that the motion for injunctive relief (ECF No. 9) is denied.

DATED: March 13, 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE