UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MATTHEW TRAVIS HOUSTON,<br><br>　　　　　　　　　　Plaintiff,<br>v.<br>STATE OF NEVADA, et al.,<br>　　　　　　　　　　Defendants. | Case No. 3:25-cv-00053-ART-CSD<br><br>DISMISSAL ORDER |

Plaintiff Matthew Travis Houston brings this civil-rights action under 42 U.S.C. § 1983. (ECF No. 5). On March 13, 2025, the Court denied Houston's application to proceed *in forma pauperis* and ordered him to pay the $405 filing fee in full by April 12, 2025, because he had three strikes under 28 U.S.C. § 1915(g). (ECF No. 15). The Court warned Houston that the action would be dismissed if he failed to pay the $405 filing fee by that deadline. (*Id.* at 4). At Houston's request, the Court extended the deadlines to May 13, 2025, and then June 30, 2025. (ECF Nos. 25, 30). Those deadlines expired and Houston did not pay the filing fee, move for an extension, or otherwise respond.

**I.　DISCUSSION**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to

1  dismiss an action on one of these grounds, the court must consider: (1) the
2  public's interest in expeditious resolution of litigation; (2) the court's need to
3  manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy
4  favoring disposition of cases on their merits; and (5) the availability of less drastic
5  alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217,
6  1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

7      The first two factors, the public's interest in expeditiously resolving this
8  litigation and the court's interest in managing its docket, weigh in favor of
9  dismissal of Houston's claims.  The third factor, risk of prejudice to defendants,
10 also weighs in favor of dismissal because a presumption of injury arises from the
11 occurrence of unreasonable delay in filing a pleading ordered by the court or
12 prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir.
13 1976).  The fourth factor—the public policy favoring disposition of cases on their
14 merits—is greatly outweighed by the factors favoring dismissal.

15     The fifth factor requires the Court to consider whether less drastic
16 alternatives can be used to correct the party's failure that brought about the
17 court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983,
18 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before*
19 the party has disobeyed a court order does not satisfy this factor); *accord*
20 *Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that
21 "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted
22 pursuit of less drastic alternatives prior to disobedience of the Court's order as
23 satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled
24 with the warning of dismissal for failure to comply[,]" have been "eroded" by
25 *Yourish*).  Courts "need not exhaust every sanction short of dismissal before
26 finally dismissing a case, but must explore possible and meaningful
27 alternatives." *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir.
28

1986). Because this action cannot realistically proceed until and unless Houston pays the $405 filing fee, the only alternative is to enter a fourth order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the court's finite resources. The circumstances here do not indicate that this case will be an exception: there is no hint that Houston needs additional time or evidence that he did not receive the original order and extension orders. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

## II. CONCLUSION

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. The Court orders that this action is dismissed without prejudice based on Houston's failure to pay the $405 filing fee in compliance with the March 13, 2025, April 17, 2025, and May 21, 2025, orders. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Houston wishes to pursue his claims, he must comply with the vexatious litigant pre-filing order issued by Judge Dorsey in *Houston v. Encore Event Technologies*, et al., 2:22-cv-01740-JAD-EJY, ECF No. 30.

It is further ordered that the motion for clarification (ECF No. 16), which appear to be copies of inmate request forms, is denied as moot.

DATED: July 10, 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE